ary statement in the minutes at the time of the plea of guilty that the Boykin interrogation was conducted does not justify the denial of an evidentiary hearing on the petitioner's allegations that no such interrogation took place and that the minutes' general allegations are not correct.

DIXON, J., dissents from refusal.

267 So.2d 207

**STATE of Louisiana ex rel. William RILEY**

**v.**

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al.**

No. 52842.

Oct. 17, 1972.

Writs denied. In view of the written reasons by the trial judge the showing made does not warrant the exercise of our original or supervisory jurisdiction.

BARHAM, J., is of the opinion the writ should be granted. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274.

TATE, J., dissents. In the absence of a contemporaneous recording, the conclusion-

267 So.2d 207

**STATE of Louisiana ex rel. Welton BROWN**

**v.**

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary.**

No. 52833.

Oct. 17, 1972.

Writs denied. In view of the reasons assigned by the trial judge, the showing made does not warrant the exercise of our original or supervisory jurisdiction.